RECEIVED
BY MAIL

JUL 1 3 2026

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


UNITED STATES OF AMERICA,
    Plaintiff, Respondent,

v.                                                  Case No. :


MUHAMMAD MASOOD,
Defendant, Petitioner,
        & Movant.

---

CONTINUATION OF GROUNDS IN SUPPORT
OF MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

---

CONTINUATION OF GROUND ONE: interferring with normal operation of just-
ice; and 2) the government conspired with Miriam Kissin-(Psy. D. Forensic
Psychologist, Federal Medical Center ("FMC") Devens and Lauren Ryan, M.A.-
(Pre-Doctoral Psychology Intern, FMC Devens) to submit a faulty designed
report of Mr. Masood's competency evaluation to the Court. In addition,
Petitioner-Masood asserts his counsel was constitutionally ineffective
in violation of his Sixth Amendment right to counsel during and after the
submittance of Dr. Kissin and Ryan's competency evaluation report to the
Court.

CONTINUATION OF STATEMENT OF FACTS-- (Ground One): competency to
the district court. In Dr. Kissin's report in the above said matter she con-
cluded that, (in part, excerpt in part) "There is no evidence to suggest he
could not meaningfully participate in the legal process, should he choose
to do so." finding Mr. Masood competent. See Case 0:20-cr-00076-PAM-TNL Dkt
No. 53, pages 1-22. And a Forensic Report Addendum Dkt No. 53-1, pages 1-7.

    Prior to Dr. Kissin's and Lauren Ryan's submitting their evaluation of
Mr. Masood competency report to the Court, the government, Dr. Kissin and
Ryan in their scheme staged group sessions (using other unkown defendants)
whereas, Mr. Masood was the target. The Government (with the assistance of
Dr. Kissin and Ryan) solicted, coached, and guided Mr.Masood to answer its'
compentency questions it in advance pre-scripted for Mr. Masood's response.
Dr. Kissin and Ryan  prepared its' report of Mr. Masood and submitted it to
the Court.

SCANNED
JUL 1 3 2026
U.S. DISTRICT COURT ST. PAUL

On or about June 3, 2022, the Court held a hearing to determine Mr. Masood's competency. ECF No. 64. At the hearing, the Government offered and the Court recieved Dr. Kissin's report (Exhibit 1).

Petitioner-Masood states the Court recognized that defendant-Masood (represented by counsel Kushner) did not testify, present evidence, or subpoena witnesses on his behalf. Petitioner-Masood states attorney Kushner was ineffective. The Court accepted the Government offered of Dr. Kissin's report and adopted Dr. Kissin's report and found Mr. Masood to be competent to proceed in the matter for criminal proceedings to resume. See attached supporting EXHIBITS: Exhibit A 1-5 pages (excerpts documents in part from Dr. Kissin's and Ryan's evaluation report); Exhibit A1 1-8 pages (excerpts documents in part from Dr. Kissin's and Ryan's competency restoration group sessions); Exhibit A2 1-of-1-page (excerpt document in part from Mr. Masood's handwritten letter; and Exhibit A3 1-of-1-page (excerpts documents in part from Dr. Schouten's Independant Evaluation report). PLEASE NOTE: More supporting Affidavits and Exhibits will be submitted timely at a later time. Also see supporting Affidavit-B-.

GROUND FIVE: Petitioner-Masood asserts his counsel was constitutionally ineffective in violation of his Fifth Amendment right to Due Process.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Attorney Kushner deprived petitioner-Masood of his right to go to trial. Attorney Kushner failed to file a motion in limine to exclude and/or supress alleged statements the defendant made to the FBI undercover informants, after the investigation begain. Evidence, including but not limited to: 1) that would produce unfair prejudice, mislead the jury and present cumulative evidence; 2) that was not proven to be authentic; and 3) inflammatory in nature. Attorney Kushner failed to investigate the government's evidence. The government did not label its case against the defendant as "Straight up" ("S.U.").

GROUND SIX: Petitioner-Masood asserts his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel during the Arraignment and Change of Plea Hearing/plea colleguy.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Mr. Masood states during off-the-record discussions, counsel Kushner directed and/or advised him to tell the Court that he understood the facts of his waiver of rights (although he did not understand). Counsel Kushner directed and/or advised him to answer yes to a majority of the Court's questions. Mr. Masood informed counsel Kushner during the Arraignment and Change of Plea Hearing/plea colleguy including but not limited to: 1) He did not understand, he was really stressed out and feeling afraid but counsel insisted that petitioner-Masood say yes that he understood and not piss off the judge any further because the judge would sentence him to even more time than necessary. See attached supporting Affidavit-A-.

2.

GROUND SEVEN: Petitioner-Masood asserts his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel during the Arraignment and Change of Plea Hearing/plea colloquy.

(a) Supporting facts (DO not argue or cite law. Just state the specific facts that support your claim): Counsel Kushner persuaded and/or encouraged Mr. Masood to accept responsibility of the conduct government accused him of and instructed Mr. Masood to be convincing to the prosecutor's satisfaction. Mr. Masood states but not limited to: 1) He was not competent to proceed to trial; 2) He was under a great deal of stress and fear created by attorney Kushner; and 3) under all the facts stated above as a whole caused petitioner-Masood to be confused and lack understanding.

GROUND EIGHT: The District Court committed error and abused its discretion during the Arraignment and Change of Plea Hearing/plea colloquy.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): The District Court, but not limited to: 1) failed to inquire whether Mr. Masood was on any prescribed medication(s) during the Arraignment and Change of Plea Hearing/plea colloquy; 2) the District Court failed to inquire what Mr. Masood's mental state/condition was during the Arraignment and Change of Plea Hearing/plea colloquy; and 3) the District Court failed to inquire during the hearing whether Mr. Masood considered himself to be competent to enter a guilty plea. The District Court did not inquire whether Mr. Masood understood what it meant to be truthful under oath.

GROUND NINE: Petitioner-Masood asserts his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel during the Arraignment and Change of Plea Hearing/plea colloquy.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Petitioner-Masood states attorney Kushner was ineffecitve before and during the Arraignment and Change of Plea Hearing/plea colloquy when he, but not limited to: 1) failed to educate and/or inform Mr. Masood what it means in the U.S.A. to be under oath, and swear to tell the truth in a U.S. Court; 2) Attorney Kushner failed to report to the Court Mr. Masood to be under stress, medication(s) and not to be competent; and 3) Attorney Kushner failed to inform the Court that Mr. Masood does not share the same religious beliefs as most U.S. Citizens do and remind the Court that Mr. Masood is a foreigner in this country.

GROUND TEN: The accumulation of errors committed by attorney Kushner during the representation of Mr. Masood violated Mr. Masood's right to due process.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): See above attached supporting ground one - ground ten.