RECEIVED
BY MAIL.

JUL 13 2026

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,
          Respondent,

v.                                              Case No. :

MUHAMMAD MASOOD,
     Petitioner.

---

### AFFIDAVIT IN SUPPORT OF PETITIONER'S @8 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

---

I, Muhammad,Masood, Petitioner, PRO SE, make this AFFIDAVIT in support of his motion to vacate, set aside, or correct a sentence by a person in federal custody–28 U.S.C. § 2255. I swear under penalty of perjury the above and foregoing FACTS are TRUE and CORRECT.  [Dr. Kissin and Ryan-Affidavit-B-]

TO WIT:    A competency hearing was held pursuant to 18 U.S.C. § 4241(c). ECF No. 45; ECF No. 46 at 1. At the hearing, the Government "orally moved for a mental examination pursuant to 18 U.S.C. § 4242," regarding Defendant's competency at the time of the alleged offense in light of his notice of an insanity defense. ECF No. 46 at 4; see 18 U.S.C. § 4242(a).

TO WIT:    In a Court Order dated April 20, 2021, the Honorable katherine Menendez, United States Magistrate Judge for the United States District Court for the District of Minnesota, requested he (Mr. Masood) be committed for the purposes of treatment toward the goal of restoration to competency.



SCANNED

JUL 13 2026

U.S. DISTRICT COURT ST. PAUL

TO WIT:    Prior to Dr. Kissin and Ryan submitting their competency evaluation report of Mr. Masood to the Court, Mr. Masood recalls early in Mr. Masood's arrival at the jail, several staff of FMC Devens including Dr. Kissin and Ryan informed Mr. Masood that the government had communicated to the facility administration, that it requested consistently, updates, notes and reports of Mr. Masood's actions and verbal conversations.

TO WIT:    Mr. Masood asserts Dr. Kissin and Ryan committed misconduct to provide material evidence in its report for the purpose of the government to use as supporting material on its claim of Mr. Masood to be competent to proceed forward with trial proceedings.

TO WIT:    Mr. Masood recalls during the majority of group sessions, Dr. Kissin and Ryan directed most of the questions to him concerning legal procedures and Dr. Kissin and Ryan directed him to answers on the group session sheets as well as instructed for Mr. Masood to read the pre-scripted answers outloud to the group.

TO WIT:    Mr. Masood states even though Mr. Masood did not understand the meanings of the material that Dr. Kissin and Ryan coached him to read outloud, he did so, as instructed.

TO WIT:    Mr. Masood asserts the very material issued to him by Dr. Kissin and Ryan, they directed, guided and coached him to read outloud in the group sessions, are an exact same words of material it used in their competency report.

TO WIT:    Mr. Masood recalls that during several group sessions attendence, he was, but not limited to: souped up, intoxicated and/or unusually high, due to prescribed medication that made him either very depressed or extremely cheerful without cause/reason and/or completely bewildered to his whereabouts.

2.

TO WIT:    Mr. Masood states by Dr. Kissin's report: "Mr. Masood participated in all nine competency groups offered to him, which presented information about the legal system, the trial process, working with a defense attorney, rational decision-making, among other topics." Id.

TO WIT:    Mr. Masood states by: "Dr. Kissin reported that "[o]verall, he was appropriately engaged during the group discussion and acknowledged understanding the majority of material presented after questioning and discussion."" Id.

TO WIT:    On June 3, 2022, the Court held a hearing to determine Mr. Masood's competency purusant to 18 U.S.C. § 4241(e). ECF No. 64. At the hearing, the Government offered and the Court recieved Dr. Kissin's report (Exhibit 1).

TO WIT:    Mr. Masood asserts that Dr. Kissin and Ryan submitted stated facts of his responses in their competency report as if the stated facts were by Mr. Masood's free will, but their stated facts were infact, to misinform and deceive the Court.

TO WIT:    Mr. Masood states Dr. Kissin and Ryan's report to the Court was untrue, intentionally deceiving and inaccurate of their evaluation of his conditions to be competent to proceed forward in a trial proceeding.


I, Muhammad Masood, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the above stated FACTS are TRUE and CORRECT.

Executed on this July 07, 2026                    /S/ _____
                                                     Signature

3.