RECEIVED
BY MAIL

JUL 1 3 2026

CLERK, U.S. DISTRICT COURT
ST. PAUL. MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,
        Respondent,

v.                                          Case. :

MUHAMMAD MASOOD,
        Petitioner.

---

**AFFIDAVIT IN SUPPORT OF PETITIONER'S
28 U.S.C. § 2255 MOTION TO VACATE,
SET ASIDE, OR CORRECT A SENTENCE BY A
PERSON IN FEDERAL CUSTODY**

---

I, Muhammad Masood, Petitioner, PRO SE, make this AFFIDAVIT in support of his motion to vacate, set aside, or correct a sentence by a person in federal custody-28 U.S.C. § 2255. I swear under penalty of perjury the above and fore-going FACTS are TRUE and CORRECT. [Attorney Jordan S. Kushner-Affidavit-A-].

TO WIT: On or about March 20, 2020 - March 24, 2020, Muhammad Masood's bro-ther-Muhammad Umer Maqbool and their cusin-Anwar Chahal, paid counsel Jordan S. Kushner as retainer fee $10,000, on the behalf of Mr. Masood.

TO WIT:  Counsel Kushner informed petitioner-Masood's family members that in order to continue to represent petitioner-Masood and protect Mr. Masood's constitutional rights, he would have to charge the above said petitioner's family members, $350.00 per hour.

TO WIT:  On or about April 7,2020 - August 5,2020, petitioner-Masood and Masood's above said family surrender unto counsel Kushner checks in the amount exceeding over another $10,000.

SCANNED

JUL 1 3 2026

U.S. DISTRICT COURT ST. PAUL

TO WIT:   On or about September 1, 2020, counsel Kushner informed petitioner-Masood's above said family members that they needed to pay him another fee to stay aboard representing petitioner-Masood and protecting his constitutional rights.

TO WIT:   In summary of payments to counsel Kushner, petitioner-Masood and his family members ended-up out-of-pocket an estimated amount of $100,000 paid to counsel Kushner for Mr. Masood to unknowingly, in voluntarily and unintelligently surrendering a straight up plea of guilt to the charge alleged against him.

TO WIT:   Petitioner-Masood has included/attached copies of payment checks and receipts of payments made to counsel Kushner as exhibits in support of his affidavit and his petition of 28 U.S.C.§ 2255-motion to vacate, set aside, or correct a sentence by a federal person in federal custody.

TO WIT:   Petitioner-Masood asserts counsel Kushner manipulated him and his family members with the use of threats, fears and was ineffective to petitioner-Masood's cause.

TO WIT:   Petitioner-Masood asserts his counsel Kushner was constitutionally ineffective in violation of his Sixth Admendment right to counsel, when counsel made no attempts to even prepare a valid defense for petitioner-Masood to consider going to trial. Instead, counsel used petitioner-Masood's and his family fears to charge petitioner-Masood and his family up to $100,000 for petitioner-Masood to deliver a straight up plea of guilt to the court.

TO WIT:   Petitioner-Masood asserts his counsel Kushner was constitutionally ineffective in violation of his Sixth Amendment right to counsel when counsel Kushner used intimidatation, threats, and fears against himand his family to prevent petitioner from considering to go to trial. Counsel Kushner also violated Petitioner-Masood's Fifth Amendment right to due process when counsel

2.

Kushner deprive him of his right to go to trial.

TO WIT:    Petitioner-Masood asserts and contends his counsel used the fears he personally instilled in petitioner-Masood. Counsel Kushner took advantage of petitioner-Masood's being stressed, his mental illness, and his ignorance as a foreigner in this country not fimiliar with America legal judicial system to compel petitioner-Masood to plea a straight up guilty plea.

TO WIT:    Petitioner-Masood asserts his counsel Kushner was constitutionally ineffective in violation of his Sixth Amendment right to counsel when he induced petitioner-Masood to plea guilty using threats of but not limited to: 1) petitioner-Masood would be tried in front of an all white jury; 2) the all white jury would find him guilty instantly without any evidence or witnesses being presented by the prosecutor, because he is a foreigner from another country accused of contemplating killing American citizens.

TO WIT:    Petitioner-Masood asserts his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel during arraignment and change of plea hearing/plea colleguy by directing and/or advising him to tell the Court that he understood the facts of his waiver of rights. When in fact, in off-the-record discussions, petitioner-Masood informed counsel, including but not limited to" "I don't understand, I am really stressed out right now". Counsel Kushner insisted that petition-Masood say "YES" that he understood, and not piss-off the judge any further because the judge would remember he angered him come sentence day.

TO WIT:    Petitioner-Masood asserts counsel Kushner was ineffective in violation of his Sixth Amendment right to counsel, when counsel persuaded and/or encouraged petitioner-Masood to accept responisibilty of the conduct government accused him of and for petitioner-Masood to be convincing to the prosecutor's satisfaction. Petitioner-Masood did not want to accept re-

3.

sponsibilty for conduct that he was accused of, that he in fact, did not commit.

TO WIT:   On June 3, 2022, the Court held a hearing to determine Mr. Masood's competency pursuant to 18 U.S.C. § 4241(e). ECF No. 64. At the hearing, the Government offered and the Court recieved Dr. Kissin's report (Exhibit 1). Mr. Masood offered no opposition to Dr. Kissin's report and did not testify, present evidence, or subpoena witnesses on his behalf.

TO WIT:   Petitioner-Masood states: He was denied his Sixth Amendment right due to his attorney's error and/or ineffectiveness. Counsel's failure to firstly, object to the Government's offered to the Court Dr. Kissin's report of Mr. Masood's competency evaluation; And Secondly, counsel failed to subpoena witnesses, or offer any evidence to contest/challenge Dr. Kissin's report on his behalf.

TO WIT:   Petitioner-Masood states: He did not voluntarily, intelligently and knowingly, waived his rights to go to trial, he did so waived his rights under threats, stress, fears and ineffective assistance of counsel.

TO WIT:   Petitioner-Masood states he was completly unaware of the total amount of money attorney Kushner had swindled him and his family out of, until he was convicted and sent to prison.

TO WIT:   Petitioner-Masood states: Attorney Kushner directed, and/or instructed him what to say during the Arraignment and Change of Plea Hearing/plea collequy with the use of threats, all-the-while, he was stressed out.

TO WIT:   Petitioner-Masood states he informed attorney Kushner during the Arraignment and Change of Plea Hearing/plea collequy that he was stressed out, confused and did not understand what the judge was asking of him.

4.

TO WIT:    Petitioner-Masood states attorney Kushner deprived him of his right to go to trial.

TO WIT:    Petitioner-Masood states counsel Kushner persuaded, manipulated and encouraged Mr. Masood to accept responsibility of the government alleged conduct accused of him.

TO WIT:    Petitioner-Masood states he was not competent to proceed to trial. In addition, during Arraignment and Change of Plea Hearing/plea colleguy he was under a great deal of stress and full of fear created by attorney Kushner.

TO WIT:    Petitioner-Masood states attorney Kushner never discussed with him as to what it means to swear under oath in a United States District Court.

TO WIT:    The day of the Arraignment and Change of Plea Hearing/plea colleguy attorney Kushner was fully aware of petitioner-Masood to have been on depression, anxiety and several types of other mental health medications.

TO WIT:    Attorney Kushner was fully aware of petitioner-Masood to have a completely different religious belief of his country than of United States.

TO WIT:    Petitioner-Masood states in the country of Pakistan, which he was born and raised in, their Court System is totally different in comparison to United States.

I, Muhammad Masood, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the above stated FACTS are TRUE and CORRECT.

Executed on this July 07, 2026                    /s/ _____
                                                          Signature

5.